FILED IN OPEN COURT

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

11. 15. 2022

CLERK, U. S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

UNITED STATES OF AMERICA

v.                                  CASE NO. 3:21-cr-23(S1)-TJC-MCR

WAYNE JOSEPH CAVINS

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by Roger B. Handberg, United States Attorney for the Middle District of Florida, and the defendant, WAYNE JOSEPH CAVINS and the attorney for the defendant, Waffa Hanania, Esquire, mutually agree as follows:

### A.   **Particularized Terms**

### 1.   **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count Five of the Superseding Indictment.  Count Five charges the defendant with attempted online enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. § 2422(b).

### 2.   **Minimum and Maximum Penalties**

Count Five is punishable by a mandatory minimum term of imprisonment of not less than 10 years and up to life, a fine of $250,000, or both a term of supervised release of any term of years not less than 5, or life, and a special

Defendant's Initials __W__                          AF Approval __MT__

assessment of $100, said special assessment to be due on the date of sentencing. Pursuant to Title 18, United States Code, Section 3583(k), if the defendant is required to register under the Sex Offender Registration and Notification Act and commits any criminal felony offense under Title 18, United States Code, Chapter 109A, 110 or 117, or Sections 1201 or 1591, the Court shall revoke the term of supervised release and require the defendant to serve a term of imprisonment of not less than 5 years and up to life. Any other violation of the terms and conditions of supervised release is punishable by a term of imprisonment of up to 5 years.

With respect to this offense and pursuant to Title 18, United States Code, Sections 2259, 3663A and/or 3664, the Court shall order the defendant to make restitution to any victim of the offense(s), and with respect to other offenses, the Court may order the defendant to make restitution to any victim of the offense(s), or to the community, as set forth below.

Additionally, pursuant to 18 U.S.C. § 3014, the Court shall impose a $5,000 special assessment on any non-indigent defendant convicted of an offense in violation of certain enumerated statutes involving: (1) peonage, slavery, and trafficking in persons; (2) sexual abuse; (3) sexual exploitation and other abuse of children; (4) transportation for illegal sexual activity; or (5) human smuggling in violation of the Immigration and Nationality Act (exempting any individual involved in the smuggling of an alien who is the alien's spouse, parent, son or daughter).

Defendant's Initials __ ᴜᎥ __                    2

3. **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of the offense(s) with which defendant has been charged and to which defendant is pleading guilty.  The elements of Count Five are:

First:      That the defendant knowingly and willfully attempted to persuade, induce, entice or coerce an individual to engage in sexual activity, as charged;

Second:    That the defendant used a facility of interstate commerce, that is, a computer via the internet, to do so;

Third:     That when the defendant did these acts, the defendant believed that such individual was less than eighteen (18) years old;

Fourth:    That if the sexual activity had occurred, the defendant could have been charged with a criminal offense under the laws of the State of Florida, that is, lewd or lascivious battery, a violation of Florida Statute Sections 800.04(4)(a)(1) and 800.04(4)(a)(2); and

Fifth:     That the defendant engaged in conduct that constituted substantial steps toward the commission of the crime and that strongly corroborates the defendant's criminal intent.

4. **Counts Dismissed**

At the time of sentencing, the remaining counts against the defendant, charged by Superseding Indictment, Counts One, Two, Three, Four, and Six and the Original Indictment, will be dismissed as to this defendant pursuant to Fed. R. Crim. P. 11(c)(1)(A).

Defendant's Initials   ___WD___          3

5. **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement, related to the conduct giving rise to this plea agreement.

6. **Restitution to Any Minor Victims of Offenses Committed by Defendant, Whether Charged or Uncharged**

The defendant agrees to pay restitution to any of his minor victims, for the entire scope of his criminal conduct, including but not limited to all matters included as relevant conduct. The defendant acknowledges and agrees that this criminal conduct (or relevant conduct) includes any minor victim of any child pornography offenses, charged or uncharged, under Chapter 110, United States Code, and any minor victim of any violation of federal and/or state law committed by the defendant, including any contact sexual offense. Further, pursuant to 18 U.S.C. § 3664(d)(5), the defendant agrees not to oppose bifurcation of the sentencing hearing if the victims' losses are not ascertainable prior to sentencing.

7. **Sex Offender Registration and Notification**

The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment; and, if the

Defendant's Initials ___ _ɯℓ___          4

defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations not later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

**8.    Acceptance of Responsibility - Three Levels**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a two-level downward adjustment for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b) and all terms of this Plea Agreement, including but not limited to, the timely submission of the financial affidavit referenced in Paragraph B.5., the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the

Defendant's Initials ___ we ___          5

determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

**9.    Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 2253, whether in the possession or control of the United States, the defendant or defendant's nominees.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action.  The defendant also agrees to waive all constitutional, statutory and procedural challenges (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

If the United States seeks the forfeiture of specific assets pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the defendant at the time it is entered.  In the event the forfeiture is omitted from the judgment, the defendant agrees that the

Defendant's Initials __*ul*__               6

forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

The defendant agrees to take all steps necessary to identify and locate all property subject to forfeiture and to transfer custody of such property to the United States before the defendant's sentencing.  To that end, the defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control directly or indirectly, including all assets held by nominees, to execute any documents requested by the United States to obtain from any other parties by lawful means any records of assets owned by the defendant, and to consent to the release of the defendant's tax returns for the previous five years.  The defendant further agrees to be interviewed by the government, prior to and after sentencing, regarding such assets and their connection to criminal conduct.  The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.  The defendant agrees that Federal Rule of Criminal Procedure 11 and USSG § 1B1.8 will not protect from forfeiture assets disclosed by the defendant as part of the defendant's cooperation.

The defendant agrees to take all steps necessary to assist the government in obtaining clear title to the forfeitable assets before the defendant's sentencing.  In addition to providing full and complete information about forfeitable assets, these steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant's Initials  _US_                    7

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

The defendant agrees that, in the event the Court determines that the defendant has breached this section of the Plea Agreement, the defendant may be found ineligible for a reduction in the Guidelines calculation for acceptance of responsibility and substantial assistance, and may be eligible for an obstruction of justice enhancement.

The defendant agrees that the forfeiture provisions of this plea agreement are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if the defendant had survived, and that determination shall be binding upon defendant's heirs, successors and assigns until the agreed forfeiture, including any agreed forfeiture amount, is collected in full.

**B.**    **Standard Terms and Conditions**

    **1.**    **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in lieu of any other penalty, <u>shall</u> order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. § 3663A(c)(1); and the Court may order the defendant to make restitution to any victim of the offense(s), pursuant to 18 U.S.C. § 3663, including restitution as to all counts

Defendant's Initials __ U l __                8

charged, whether or not the defendant enters a plea of guilty to such counts, and whether or not such counts are dismissed pursuant to this agreement. The defendant further understands that compliance with any restitution payment plan imposed by the Court in no way precludes the United States from simultaneously pursuing other statutory remedies for collecting restitution (18 U.S.C. § 3003(b)(2)), including, but not limited to, garnishment and execution, pursuant to the Mandatory Victims Restitution Act, in order to ensure that the defendant's restitution obligation is satisfied.

On each count to which a plea of guilty is entered, the Court shall impose a special assessment pursuant to 18 U.S.C. § 3013. The special assessment is due on the date of sentencing. The defendant understands that this agreement imposes no limitation as to fine.

### 2.  **Supervised Release**

The defendant understands that the offense(s) to which the defendant is pleading provide(s) for imposition of a term of supervised release upon release from imprisonment, and that, if the defendant should violate the conditions of release, the defendant would be subject to a further term of imprisonment.

### 3.  **Immigration Consequences of Pleading Guilty**

The defendant has been advised and understands that, upon conviction, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Defendant's Initials _____          9

**4.    Sentencing Information**

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

**5.    Financial Disclosures**

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit to the United States Attorney's Office within 30 days of execution of this agreement an affidavit reflecting the defendant's financial condition. The defendant promises that his financial statement and disclosures will be complete, accurate and truthful and will include all assets in which he has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, dependent, nominee or other third party. The defendant further agrees to execute any documents requested by the United States needed to obtain from any third parties any records of assets owned by the defendant, directly or through a nominee, and, by the execution of this Plea Agreement, consents to the release of the defendant's tax returns for the previous five years. The defendant similarly agrees and authorizes the United States Attorney's Office to provide to, and

Defendant's Initials ___*ul*___                10

obtain from, the United States Probation Office, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court. The defendant expressly authorizes the United States Attorney's Office to obtain current credit reports in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

### 6.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether

Defendant's Initials _____        11

or not such decision is consistent with the government's recommendations contained herein.

### 7. Defendant's Waiver of Right to Appeal the Sentence

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range <u>as determined by the Court</u> pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or (c) the ground that the sentence violates the Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

### 8. Middle District of Florida Agreement

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

9.    **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

10.    **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind.   The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction with the representation and advice received from defendant's undersigned counsel (if any).   The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial.   The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or

Defendant's Initials _____        13

offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

### 11.   __Factual Basis__

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

### 12.   __Entire Agreement__

This plea agreement constitutes the entire agreement between the government and the defendant with respect to the aforementioned guilty plea and no other promises, agreements, or representations exist or have been made to the defendant or defendant's attorney with regard to such guilty plea.

Defendant's Initials ___ul___                 14

13. **Certification**

The defendant and defendant's counsel certify that this plea agreement has been read in its entirety by (or has been read to) the defendant and that defendant fully understands its terms.

DATED this _4th_ day of _November_, 2022.

ROGER B. HANDBERG
United States Attorney

WAYNE JOSEPH CAVINS
Defendant

ASHLEY WASHINGTON
Assistant United States Attorney

WAFFA HANANIA
Attorney for Defendant

KELLY KARASE
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____     15

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:21-cr-23(S1)-TJC-MCR

WAYNE JOSEPH CAVINS

### **PERSONALIZATION OF ELEMENTS**

1.      From on or about December 23, 2020, through on or about
January 29, 2021, in the Middle District of Florida, did you knowingly and
willfully attempt to persuade, induce, entice and coerce an individual to engage
in sexual activity, that is, lewd or lascivious battery upon a person less than 16
years of age, as charged?

2.      Did you use facilities of interstate commerce, that is, a cellular
telephone, to do so?

3.      At the time that you performed these acts, did you believe that
such individual was less than eighteen (18) years of age, and further that this
individual was a 15 year old male (the "child")?

4.      Do you admit and acknowledge that if this sexual activity had
occurred that you could have been charged with a criminal offense under the
laws of the State of Florida, that is, lewd or lascivious battery upon a person less

Defendant's Initials _WJC_

than 16 years of age, in violation of Section 800.04(4)(a)(1) and 800.04(4)(a)(2), Florida Statutes?

     5.     Do you admit that you engaged in conduct which constituted substantial steps toward the commission of the crime and which strongly corroborate your criminal intent, that is, among other things, you detailed your interest in engaging in sexual activity with the child and discussed plans to meet to engage in sexual activity?

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                     CASE NO. 3:21-cr-23(S1)-TJC-MCR

WAYNE JOSEPH CAVINS

## FACTUAL BASIS

On January 22, 2021, Homeland Security Investigations (HSI) received information about an adult male who was communicating online and via text message with a 15-year-old minor male, herein referred to as Minor Victim 1 (MV1) in Ponte Vedra Beach, Florida.  During the conversations, CAVINS expressed interest in engaging in illegal sexual activity with MV1, whom he believed to be 15 years old.

MV1 stated he met the man he called "Payne" on Tinder in December 2020. MV1 stated he briefly messaged with "Payne" through the Tinder application before switching over to texting.  MV1 stated his Tinder profile listed his age as 18, but said he told "Payne" he was really 15 years old when they started texting each other.  MV1 told law enforcement officers "Payne" sent him a gift in the mail, which was mailed to a friend's house.  MV1 said the gift was underwear/a jock strap.  MV1 stated "Payne" was sending him another package soon because "Payne" believed his birthday was February 1st.  To aid law enforcement's investigation of "Payne," HSI Task Force Officer (TFO) Kroul requested and received permission to assume MV1's

Defendant's Initials _____

identity to continue communicating with "Payne" through text messages.  On the same day, HSI TFO Kroul began communicating with "Payne" in an undercover capacity, as MV1, via text message to (386) 801-4577.  Their conversation continued until February 1, 2021.

HSI TFO Kroul positively identified the adult male MV1 was texting with, "Payne," as Wayne Joseph CAVINS from Deltona, Florida by reviewing a screenshot of an image on MV1's cell phone that was located within their text conversation.  The image was a screenshot showing order details of the jock strap that CAVINS purchased for MV1 from the website erogenous.com.   The following customer information was included in the screen shot:

> Contact information:
> mjrpaynes@aol.com
>
> Billing address:
> Wayne Cavins
> 323 Cloverleaf Boulevard
> Deltona, FL 32725
> United States

HSI TFO Kroul conducted a query in the Florida Driver and Vehicle Identification Database for the name and address listed above and discovered a person by the name of Wayne CAVINS with the same address in Deltona, Florida.  HSI TFO Kroul also compared CAVINS's driver's license photo to a photo CAVINS sent to MV1 via text message and concluded it was the same individual.

HSI Special Agent Wilson obtained records from Tinder/Match Group LLC on CAVINS's account.  The information provided by Tinder/Match Group LLC

Defendant's Initials _____       2

revealed CAVINS's account was created on November 19, 2020, using email address mjrpaynes@aol.com and phone number (386) 801-4577. This is the same phone number used to text message MV1 and the same email address for the confirmation of the package CAVINS sent to MV1. Tinder/Match Group LLC also captured IP address 2600:1700:e9c0:5110:f154:7e8f:b667:9e90 at the time CAVINS created his account. The name listed on the account was "Payne" and the username listed on the account was "mjrpaynes." The user provided September 13, 1968 as a date of birth, which was the same birth month and day as the date of birth on CAVINS's driver's license, but ten years younger than his actual birth year.

A summons was issued to AT&T requesting information on the subscriber of phone number (386) 801-4577. AT&T provided the requested information, which listed the account as active and the subscriber as James D Cantwell with a billing address for a business, Fifi's of DeBary. During the investigation, SA Wilson learned James Delano Cantwell was CAVINS's significant other who passed away in 2010.

SA Wilson obtained additional records from AT&T for subscriber information for IP address 2600:1700:e9c0:5110:f154:7e8f:b667:9e90 on November 19, 2020 at 00:11:01 UTC. This was the date and time when CAVINS created his Tinder account. AT&T's records listed the U-Verse internet account as active and the subscriber as Jim Cantwell at 323 Cloverleaf Blvd, Deltona, FL 32725-6910, which was the address on CAVINS's driver's license and the billing address for the package information in the screenshot provided by MV1. It was also the same AT&T account connected to the (386) 801-4577 phone number.

Defendant's Initials  _C.C._          3

HSI SA Wilson applied for and obtained a federal search warrant for the contents of CAVINS's Tinder account.  The records showed the conversation between CAVINS and MV1, which began on December 20, 2020 at 23:18:44 GMT and ended on December 21, 2020 at 18:59:42 GMT.  The conversation between CAVINS and MV1 is as follows:

CAVINS:     (wave emoji)

MV1:        wanna be my sugar daddy

CAVINS:     Where are you baby

MV1:        ponte vedra beacu [sic]

MV1:        beach*

CAVINS:     Cool

CAVINS:     I used to go other there all the time…. So, what are your talents son that your offering to be sugared over (wink emoji)

MV1:        i will do whatever you want daddy

CAVINS:     But what are you good at? Also what's your name?

CAVINS:     I want a boy so I only require the truth… I don't care about anything… just the truth. How do you want to communicate I don't like this app

CAVINS:     I like to know your real age, name, have you had a daddy, and how experienced are you sexually

CAVINS:     I'll also want to see your entire body front and back as well as close ups of hole, balls and cock

CAVINS:     Digest all that and get talk to me if you're as serious as I am

MV1:        yes daddy

Defendant's Initials  _CQ_                    4

| | |
|---|---|
| CAVINS: | Well |
| MV1: | can i get your number maybe? to send pictures that way and expose my truth to you sir? |
| CAVINS: | 3868014577 |
| CAVINS: | No bullshit son I'm serious about you and I want the truth no cute BS okay |
| MV1: | yes sir |

HSI conducted a forensic examination of MV1's phone. Some of the text messages between CAVINS and MV1 were located. Outlined below is an excerpt of the statements made by CAVINS.

The following conversation occurred on December 24, 2020:

| | |
|---|---|
| CAVINS: | How's this<br>Except it's a thong<br>It would hold in a butt plug tho |
| MV1: | i like it |
| CAVINS: | Jockstrap or this |
| MV1: | i'd prefer a jock strap |

...

| | |
|---|---|
| CAVINS: | It's already ordered<br>Along with a little something for my boys butthole filling<br>Hope that's ok |
| MV1: | that's ok thanks daddy |
| CAVINS: | I just hope you'll let me insert it someday |

The conversation continued and the following occurred on January 8, 2021:

| | |
|---|---|
| CAVINS: | Sexually<br>Have you been with an older man? |

Defendant's Initials ___*CO*___          5

MV1:            no i'm a virgin as i said before the only thing i've done is
                suck dick once and he was 18
                but i want to with you

CAVINS:         I can't wait son

...

CAVINS:         It's pretty thick but only 6 ½"
                It hasn't had a hole in over 10 years son
                Watch in private
                [CAVINS sent video depicting two males engaged in oral sex with
                each other.]
                I want to do this again but with you

...

CAVINS:         I will try to reschedule family coming so I can insert that
                jeweled butt stud personally

MV1:            ok daddy

CAVINS:         [CAVINS sent a picture of three metal anal plugs that all have a
                pink rhinestone in the shape of a heart.]
                Remember
                This way you can wear it 24/7 except when you (poop emoji)

MV1:            yes sir i'm excited for them

CAVINS:         It will remind you of me

...

CAVINS:         Oh son
                Dad will show you
                So you want to be a bottom son

MV1:            i want to be both

CAVINS:         That's my boy

CAVINS:         I'll teach you
                Both

MV1:            thank you daddy

CAVINS:     How to take it up inside you and how to fuck like a wild boy for hours without cumming

MV1:        i'm looking forward to it sir

...

CAVINS:     I will teach that and about the pleasure you [sic] penis can get being rimmed
I love to rim

MV1:        i'm excited for it

CAVINS:     Don't worry I'm good at teaching
I hope you know [MV1] you've stolen my heart!

The conversation continued and the following occurred on January 12, 2021:

CAVINS:     CAVINS sent emoji of male face blowing kiss

MV1:        you make me so happy daddy

CAVINS:     Do I?

MV1:        i can't [sic] for you to fuck my virgin hole
and yes you make me feel wanted

CAVINS:     That's the most Precious gift I'm waiting for
Awe son I do want you!
And
I kinda [sic] sad if you've never felt wanted before

MV1:        i've just never been good with family but your [sic] keeping me going

CAVINS:     I love you [MV1]
Together we will life Good

MV1:        i love you too daddy

CAVINS:     Each night as you sleep I'll snuggle down under the covers and suck the tip of you [sic] cock until you give me your seed then I'll roll you ove [sic] eat your hole and make passionate love to you

Defendant's Initials  _CC_               7

|        | You'll never feel unwanted again |
|--------|----------------------------------|

| MV1: | thank you daddy<br>i want you so bad |
|------|--------------------------------------|

| CAVINS: | Then each morning I'll bind your wrists to your ankles and put you [sic] butt in the air and fuck you raw....<br>When I'm done I will again roll you over still bound spread your legs wide and tease your cock to give me two loads before I go off to work |
|---------|---|

The conversation continued and the following occurred on January 12, 2021:

| CAVINS: | Good son<br>I truly hope you like it<br>Say what's your birthdate |
|---------|---|

| MV1: | i hope you like me in it<br>my birthday is may 26<br>sorry i that's my moms birthday i always tell people it's my birthday it's actually February 1st |
|------|---|

| CAVINS: | Are you sure now son |
|---------|----------------------|

| MV1: | yes i'm sure |
|------|--------------|

| CAVINS: | Cause remember<br>100% honesty we promised |
|---------|------------------------------------------|

| MV1: | yes sir that is 100% my honest answer |
|------|---------------------------------------|

| CAVINS: | So<br>02-01-2006 |
|---------|------------------|

| MV1: | 2005<br>i'm turning 16 this year |
|------|---------------------------------|

| CAVINS: | Oh okay<br>Ty |
|---------|---------------|

| CAVINS: | (wink emoji) |
|---------|--------------|

The conversation continued and the following occurred on January 14, 2021:

CAVINS:     I'm planning a weekend trip to Jax in a couple of weeks

The conversation continued and the following occurred on January 21, 2021:

CAVINS:     Is Beach boulevard for [sic] from you?

MV1:        beach bvld [sic] isn't that far it's around 20 mins

CAVINS:     I want to make reservations at a close hotel near you which is the
            closed [sic] one
            I was looking at the Hilton Garden inn
            I want to make reservations at a close hotel near you which is the
            closed [sic] one
            So I can come visit maybe for your birthday
MV1:        why do you ask?

CAVINS:     Are you not getting my texts?
            So I can come visit maybe for your birthday
            Or don't you want to meet me in person?
            It's okay
            I understand
            Nbd

MV1:        i have terrible service in this class i do want to meet you in person
            i just don't know how cause of my mom and i've only told two
            people about you

CAVINS:     That's why I wanted a close hotel
            I could pick u up take you to the hotel to eat and talk…take you
            home

MV1:        i'll look what ones are the closest

CAVINS:     Ok
            Don't worry son I'll be discrete
            I won't have sex or force anything
            Just meet you
            Amd [sic] a birthday lunch with dad wouldn't be so bad

MV1:        [MV1 sent screenshot of hotels]
            those are the closest

Defendant's Initials _____ *cul*                    9

|        | i would love that<br>but i do have to let you know something that could get in the way is i have life 360 which is a phone tracker |
|--------|---|
| CAVINS: | I ok<br>No worries<br>If you were my birth son I'd have that on your phone as well |
| MV1:   | but i do still want to meet you |
| CAVINS: | It's only lunch<br>For your birthday<br>I saw this Hilton at 45 TPC Blvd ponte Vedra beach<br>I was going to come up Saturday night stay see a friend if he's available Sunday take you to lunch on Monday the 1st |
| MV1:   | i have school on Monday and the hilton is closer to my house but i think it's pricey |
| CAVINS: | I have a membership<br>Oh damn school that's right<br>Maybe Sunday pre-birthday |
| MV1:   | ok |
| CAVINS: | Don't be scared<br>If you don't want to you don't have to.<br>No stress |
| MV1:   | i want to |
| CAVINS: | Well<br>You're a smart man you'll figure a way if you really want to…<br>I will want you to wear your JS and one of the gifts I sent<br>Which might it looks like be there tomorrow or Saturday |
| MV1:   | ok i will thank you daddy |
| CAVINS: | Not that I'll get to see them on you unless you would want to come to my room… |
| MV1:   | i would have to think of something to tell my mom that i'm doing but i want to |

CAVINS:    You want to what son?

MV1:       go to your room

CAVINS:    And
           What would you want

MV1:       show you me wearing my gifts

CAVINS:    Aw
           Ok
           Will you bind and wear your gifts

MV1:       yes

CAVINS:    Eat…go to the room…show me and anything else you'd want
           me to do
           Rim
           Suck
           Anything

MV1:       could you suck my dick? if we go

CAVINS:    Yes
           Rim you too

MV1:       ok

CAVINS:    Yeah
           If you come bound up I would love to teach you about your
           nipple, run my tongue deep in your little boy virgin pucker
           (which you NEVER shown me) as I play with your cock…then
           deep throat's you as I finger you lil virgin hole
           Drink every drop of your boy seed for your birthday
           Anything you want to experience that I haven't mentioned
           Maybe at your break you can show me that pretty little hole of
           yours
           Have I scared you

On January 23, 2021, a patrol unit with the St. Johns County Sheriff's

Office retrieved the package CAVINS sent to MV1 from MV1's friend's residence

Defendant's Initials _____        11

and submitted it into evidence.   The following items were located inside the package: a jockstrap, an enema bulb, a metal anal plug with a pink rhinestone, and a birthday card.

HSI and the St. Johns County Sheriff's Office arrested CAVINS on March 30, 2021.  Following his arrest, in a post-*Miranda* interview, CAVINS admitted to talking to a 15-year-old child, knew it was wrong, and said he was going to jail for it.